Peasscn, -0. JV
In March, 1888, the petitioner, being elected a constable, was duly qualified and entered up on the discharge of tho dufim of kb office. In April, 1863, he was'sent to tho camp of instruction as a conscript; on the 5ta-of May, 1863, ho v£8 sept to tho army where he served about sis weelsu. On joining the army/hs rec-ive^ ¿bounty,, but has never received any.pay; he came home *455 oh furlough until Ms ease could be decided. ■ A correspon-dencewashad between Gov. Vance and the Confederate; authorities, wMch Peed not be set forth. • On the 15th Jan-’ uary, 1864, he sued out a writ of habeas corpus'. t
May 1, 1868, Congress‘enacted,’ “In- addition to the State officers exempted by the act Is’t October, 1862v there shall he exempted au State officers whom the Governor of any State may claim to have exempted for the due administration .of the government and the laws thereof, Ac.
May 9, 1863, Gov; Yance claimed to háve exempted “all justices of the pe'ace,” &c., “ constables who entered .into bond previous to thé Ilfh May, 1863,-and their successors ' in office,. &e. "
December 14, 1863, the Legislature’ adopted and made permanent the claim which had been made by Gov. Vancel
1.. The receipt of bounty by the petitioner was a waiyer to'any claim'to exemption under the act October 11,1862 ; but, of course, it could not have the legal effect of being a' waiver of any exemption to which he might afterwards, become entitled. ■ Its effect is to put him in the condition of a 'soldier, having at that time no right to. exemption.
. 2. TJie next question is, did his being placed in the military service as a conscript vacate his office of constable ? or did he continue to hold that office while he was -in the' cgndition of á soldier? Absence from the country or non user does not per se deprive one of a public efficep it may because of forfeiture, butthe office continues until there be proper legal proceedings to put him out of it. 'This is well settled; 2 BL 0pm'. 153.
3. The question then is narrowed to this .* Does the act of Congress, and tha claim that. Gov. Vance made in pui& euance thereof, and the act of the Legislature* embrace the case of a constable who was, at the date of the claim of the Governor, in the military service of the Confederate States; or is the exemption confined to constables who were not in *456 ihilitary service ? The words of the act of Congress are general: ■“ There shall be exempted all State officers whom the Governor of any State m’ay claim,” &c. The words of ‘the Governor’s claim and of the act of the Legislature are aWgeneral — “All justices of the peace, ."&c., constables who-gave bonds previous to the 11th May, 1868,” &c.
I can see no ground to. except, fr&m the operation of these general words, State officers who were' in the military service. If such was the intention, a proviso' to that'ef-, feet would have been made; and there is no rule of law under.which it can be made by construction. ,I,am, therefore of opinion that the petitioner is exempted.
It was suggested in' the argument that. the exception ' should be male by-implication from the use'of the- words '“shall be.exempted” and it is-said that the word “exempted” is. restricted in its meaning to persons'who are not in the. military service, and “ discharged” is the pi-oper word, when deferring to pérspns' who, are in the' military . serpee. This distinction may (jbtam in military circles but'the word “ to exempt” is not a technical term; it is a , plain English word, and means literally “ to take .out of or ’ from,” and its ordinary signification is “to free froth,- not -be subject to” any service or burthen to which -others' are made liable ; as to exempt from military service, to exempt ■ from taxation ; and it is a settled rule of construction, words' in a statue-are to be construed according to their ordinary, meaning, unless there is something to show they are used-in-a different sense. The Courts pannot expect Congress to take notice of tiSe military parlance, and require, in .order to express the intention that all the State officers whom the Governor may claim as necessary, &c., shall be free |om military service, that this particular mode of expres- . sion shall be adopted, to wit: .“ All State officers- not in the military service shall be exempted, and all who are in ' the military service shall be discharged, whom the Governor *457 may claim as necessary,” &c. Tbe meaning as’expressed by tbe act of Congress to exempt all State officers,-,is clear ; Nand tbe .words used to express tbe intention are appropriate according to their well known signification.
It was-further suggested that, from tbe nature of tbe subject, the act.-should be bo construed as -nofto embrace State-office v$8b ire in the military service ; and -it is Assumed that Congress did not intend to take any one out' of the army. • There is tjie same reasoh to assume, that Congress did’ not intend to keep any one. out of tbe army! It may be said, on tbe .'other side tbe power of afiongress to conscript was seriously tpieetionedj and especially- its power to conscript State officers who were necessary for the due administration of the government and tbe laws thereof, and' this extended «ixemption was a concession designed to avoid ^1 conflict with tbe States, and tbe use of tbe peculiar words. “ whom thé Governor of any- State may claim to have exempted” countenances this idea. But these are conjectures on political questions into which the Coúrts are not at liberty to enter. ' ‘
Tbe .cases of Irwin, Marony and Bryan, 'in which it .is .’held that the conscription acts do not embrace persons already in service,' and the eases ofi.'Guyer and others, in which it is said that the exemption act of the 11th of Octo-. her, 1882, did not embrace mechanics between 18 and 85 who were already in service, may Seem, at first blush-to oppose the conclusion to which I have arrived; but upon examination, these cases will be found negatively to support it. ' The general words of the conscription acts embrace all •white males between 18 ahd 85 and between "35 and 45, and it is only by a reference to’tbe nature of the subject and tbe context, that persons already- in service were excluded.. The nature of the subject; for there was no occasion to conscript persons in service for three years, or the war, they were soldiers already. Ihe context;. for the provision as to *458 camps of instruction, calling the men into service at different times, &c., were not applicable to persons already in /service. • • ■ • ' ^ . <
So the general words 'of the exemption act of 11th October, 18S2, embraced all shoemakers, blacksmiths, &c.; and it is only, from the context that shoemakers, • blacksmiths, &c., already in service were excluded. These wejfe paired to be “ actually employed in*their respective trades* at the time,” which,- in reference J¡¡p those between-A8 and S'5, was held to be at the passage of the act, in order to fit it to the conscription .act of April, 1862 j and in' reference 'to those between 85 and 45 or Who afterwards'come -to .the age of 18,' y- at the time” .is taken to mean when csflled into service ; arid this actual employment in their respective trades •, could have no application to men who were in the military service and so could not be actually -employed at their# trades.
But in. our case .we have seen there is nothing in the subject matter which the Courts can'judicially take notice of, cnd there is nothing in -the context to control the general words,-so-as to exclude State officers who may be in the milito :y service, si-ppbcing the'position to be correct/of ►\thick there can fce.no doubt, that being in the military rerviee dce3 not .per ce deprive one of his office.
My conclusion w also supported by the decision of Judge riallt'-uton of the District Const efthe Confederate States, in the mritor cl A;--xo, whsro k; is hold that a soldier, who' becomes á, mr,il conk/actor, is enrbraced by the act of tiim-£Tesff ci" 17th April, iCC3, and is exempted .from' military-service. And by,the decision of Judge Meredith, in the xxvfcSbr of B.:ochviug, (-.vhie£ I noticed briefiy referred to in & her .-.-pope;.',I where it is he’d that a soldier who, while in fife service, 5no.'; ek-eied a Justice of the peace and regular-1 ly qurlif.ee'- as such, is exempted. * ,-
’It is thereupon considered by me that Joseph Bradshaw. *459 ■be forthwith discharged, -with loavo to go wherever he will ;■ the costs to be-tised by tlie elcr.'.: cri Oho Superior bourt. of Alamance county will be pritl by "UT. A. Albright. .The’ ■clerk will file the papers and give -copies.
At Richmond Hill, Feb. 3, 1864.